UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

VICTORIA MUNN,

                Plaintiff,

    v.                                                  1:06-CV-0231 (LEK/DRH)

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

## **DECISION AND ORDER**

Presently before the Court is Plaintiff's Motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, filed on June 26, 2008.  Dkt. No. 20.  On May 29, 2008, the Court issued an Order and Judgment remanding the case to the Commissioner in accordance with sentence four of 42 U.S.C. § 405(g).  Order (Dkt. No. 18); Judgment (Dkt. No. 19).  Defendant Commissioner of Social Security has not filed a response to the Motion.  For the reasons that follows, Plaintiff's Motion is granted.

**I.**     **DISCUSSION**

The EAJA provides for an award of attorney's fees and costs to the prevailing party in social security litigation against the United States when the government fails to demonstrate that its position was "substantially justified," and absent "special circumstances" making an award unjust. <u>See</u> 28 U.S.C. § 2412(d)(1)(A); <u>Wells v. Bowen</u>, 855 F.2d 37, 41 (2d Cir. 1988) (citations omitted). The burden of proving substantial justification is on the government.  <u>Rosado v. Bowen</u>, 823 F.2d 40, 42 (2d Cir. 1987).  In social security litigation, a plaintiff who succeeds in obtaining a remand

under sentence four of § 405(g) is a "prevailing party," and may pursue fees under the EAJA. Shalala v. Shaefer, 509 U.S. 292, 300-302 (1993).

On May 29, 2008, the Court entered a Judgment remanding the case to the Commissioner in accordance with sentence four. Judgment (Dkt. No. l9). In this case, Defendant does not oppose the present Motion or argue that its opposition to Plaintiff's appeal was "substantially justified" or that "special circumstances" suggest a reduced award. Accordingly, the government has failed to show that the agency's position was substantially justified. After reviewing the record and the papers submitted by Plaintiff in regard to the present Motion, the Court finds that Defendant's position was not substantially justified and that no circumstances suggest that justice would be achieved by withholding the reimbursement of fees for a reasonable number of hours expended.

Plaintiff requests fees and costs in the amount of $1,927.14, and has provided time records in support of this demand. Exhibit A (Dkt. No. 20). This represents reimbursement for 12.75 hours (12.25 hours billed in 2006 and 0.5 hours billed in 2008) at a rate of $150 per hour[1] as well as costs in the amount of $14.64. Id. The Government has not objected to the reasonableness of this amount. Upon review of the itemized time sheet submitted by Plaintiff's attorney, the Court finds the number of hours and the total amount reasonable. Therefore, Plaintiff's Motion is granted.

**II.   CONCLUSION**

Accordingly, it is hereby

---

[1] The EAJA requires reimbursement at a rate of $125 per hour, subject to an upward cost of living adjustment or a special factor justifying a higher fee. See 28 U.S.C. § 2412(d)(2)(A). The rate of $150 per hour is within the cost of living increase adjustment to the EAJA base rate for the years in which the hours were billed. The Consumer Price Index is available from the U.S. Department of Labor, Bureau of Labor Statistics. See U.S. Dep't of Labor, Consumer Price Index, All Urban Consumers, available at ftp://ftp.bls.gov/pub/special.requests/cpi/cpiai.txt.

**ORDERED**, that Plaintiff's Motion for attorney fees (Dkt. No. 20) is **GRANTED**, and the Commissioner of Social Security is directed to pay $1,927.14 to Plaintiff's attorney of record, Thomas C. Erwin; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:   June 02, 2009
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge